testimony is open only to the inference that he had advised the defendant to go to see Mr. Newberger to carry on the negotiations himself.

The case, therefore, resolves itself into this question: Does the fact that a purchaser of goods acts upon the suggestion of a broker employed by a former owner that a third party would probably buy the goods raise an implication of a promise to pay the broker for his services, if the suggestion results in a sale? It seems to me that it is clear that such a promise to pay cannot be implied, unless there are other facts that would show that this suggestion was made and accepted under circumstances that would permit the broker to suppose that he was at the time in the employment of the party desiring to sell. I find no such facts in this case, nor do I find that the offer by defendant to pay the plaintiff $35 is, under the peculiar circumstances of this case, an admission of great materiality upon this question.

In this discussion I have accepted the plaintiff's evidence as to his employment as true, because the defendant was in one important and material detail expressly contradicted by Mr. Newberger, an apparently disinterested witness, and therefore the court may have with propriety disregarded defendant's entire testimony. Accepting, however, Mr. Newberger's testimony as true on all points, then it is very doubtful whether the plaintiff, even if employed, was the procuring cause of the sale. The relations of the plaintiff, Grey, Solomon, and Haas are so mixed, and the testimony so vague, that, while I feel that plaintiff has certainly not made out a cause of action, upon a new trial his testimony may be more definite, and he may be able to show, not only his employment by defendant, but due performance by him of the terms of such employment.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.

---

### WILLICK v. COLEMAN STABLE CO.

(Supreme Court, Appellate Term. February 18, 1910.)

Appeal from City Court of New York, Special Term.

Action by Morris Willick against the Coleman Stable Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

May & Jacobson, for appellant.
L. Bronner, for respondent.

PER CURIAM. Judgment affirmed, with costs.

LEHMAN, J. I dissent, on the ground that plaintiff has shown loss of mercantile profits, and not loss of personal earnings.